# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CARLOS DANIEL RESENDIZ,<br><br>　　　　　　　　　　Defendant. | Case No. 21-cr-00143-BAS-1<br><br>**JUDGMENT AND ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF Nos. 78, 86)** |

　　Mr. Resendiz files this Emergency Motion for Compassionate Release, detailing that his two-year-old son has been diagnosed with Langerhans Cell Histiocytosis ("LCH"), a rare cancer-like disorder needing continuing chemotherapy, and that he is needed at home to provide physical, emotional, and financial support to the family. (ECF Nos. 78, 86.) The Government opposes. (ECF No. 91.) For the reasons stated below, the Court **GRANTS** Defendant's Motion.

**I.　BACKGROUND**

　　On February 15, 2023, this Court sentenced Defendant to thirty-six months in custody for importing 19.36 kilograms of methamphetamine. (ECF No. 75.) At the time

- 1 -

21cr0143

he committed the offense, Defendant was twenty-two years old. (Presentence Report ("PSR"), ECF No. 47.) He had no criminal record. (PSR ¶¶ 33–34.) He had a strong employment record (PSR ¶¶ 69–75), and he claims he still has a job waiting for him upon release (ECF No. 78). Defendant is currently being held at a minimum-security camp in Sheridan, Oregon. (ECF No. 78.) At the time of his sentencing, Defendant was in full compliance with the conditions of his pretrial release (PSR ¶ 13), so he was allowed to self-surrender to serve his sentence, which he did on April 20, 2023, as ordered (ECF No. 76). Defendant has only served six months of his thirty-six-month sentence.

In late September, Defendant's two-year-old son was diagnosed with LCH. (Declaration of Emilia Politron ("Emilia Decl.") ¶ 1, ECF 86, Ex. A.) Mother and son were life-flighted to Lucile Packard Children's Hospital ("LPCH") in Stanford. (*Id.* ¶ 2.) On October 5, 2023, Defendant's son was released after his first round of chemotherapy, but returned to the hospital four days later because of complications. (*Id.* ¶¶ 4–5.) The trip from home to LPCH in Stanford is five hours. (*Id.* ¶ 8.) Defendant's wife is forced to make the trip alone with her sick two-year-old. (*Id.*) She also has a newborn and a seven-year-old, whose care is being juggled by grandparents who state that continued care is unsustainable. (*Id.* ¶¶ 9–10.)

Most recently, after starting his second round of chemotherapy, Defendant's son was hospitalized for excess fluid in his lungs. He then received two blood transfusions, and doctors are evaluating a mass in his chest. (ECF No. 90.)

Defendant's son is likely to need chemotherapy for the next year, but his wife is planning to learn how to administer the chemo at home. (Emilia Decl. ¶7.) She needs Defendant's help physically, emotionally, and financially.

Defendant requested compassionate release from the Warden where he is being housed. (ECF No. 86, Exs. D, F.) Counsel reiterated the request. (*Id.*, Ex. E.) More than thirty days have elapsed since the request without a response from the Warden.

## II. ANALYSIS

Under 18 U.S.C. §3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he is eligible for compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

The Sentencing Commission has recently passed guidance as to when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b). Such circumstances include, among others: (1) the medical circumstances of the defendant, (2) the advanced age of the defendant resulting in "a serious deterioration in physical or mental health," (3)"[t]he death or incapacitation of the caregiver of the defendant's minor child," (4) the defendant, while in custody was the victim of sexual or physical abuse, or (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.*

The Court finds this last circumstance applicable to Defendant's situation. Although Defendant's wife is not truly incapacitated, she is unable to take care of two of her children while she commutes back and forth to the hospital caring for her sick two-year-old. She is

likely to continue to be unavailable on and off over the next year, and the grandparents, who are currently caring for the two children, are unable to continue to do so.

Additionally, as stated by Defendant's wife, she needs his assistance emotionally, physically, and financially. Contrary to the arguments of the Government, the fact that Defendant is likely to work to help out financially does not militate against his release. The family needs his assistance financially as well as emotionally as they navigate the hospital bills that are being incurred for their son's medical difficulties. They also need not only his emotional support, but also his physical support to help to deal with the logistics of transporting a child back and forth to the hospital while caring for two other children.

Finally, the prognosis for Defendant's son is far from certain. He appears to be suffering consequences from his chemotherapy that require him to return frequently to the hospital. This unique combination of circumstances is "extraordinary and compelling" and supports Defendant's request for release.

When considering the § 3553(a) factors, the Court notes that Defendant was completely compliant with the conditions of his pretrial release, that he self-surrendered when ordered to do so, that he has no prior criminal record, that he has a strong employment record, and that he is currently being held at a minimum-security camp. Although the offense was serious, and six months may not completely reflect the seriousness of the offense, the Court finds six months in custody, particularly given his son's issues while he has been incarcerated, provides adequate deterrence to criminal conduct and provides just punishment for the offense. The Court finds it is unlikely Defendant is likely to commit further crimes in the future.

### III. CONCLUSION

For all the reasons stated above, the Court concludes that extraordinary and compelling reasons exist for Defendant's release and that the § 3553(a) factors do not provide a barrier for such release. Hence, the Court **GRANTS** Defendant's Motion (ECF Nos. 78, 86). The Court reduces Defendant's sentence to a time served sentence. The term

and conditions of supervised release remain the same. Defendant is ordered immediately released.

However, Defendant is reminded that he is still subject to supervised release conditions. The Court adopts all the Standard Conditions attached to this Order along with the Special Conditions the Court cautioned Defendant about at the time of his sentencing. Defendant is ordered to report to Probation within 72 hours of his release from custody to review with Probation the conditions of his release.

**IT IS SO ORDERED.**

DATED: November 6, 2023

Hon. Cynthia Bashant
United States District Judge

# ATTACHMENT A: STANDARD CONDITIONS

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | CARLOS DANIEL RESENDIZ (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 21-CR-00143-BAS | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision.  These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. Intentionally Omitted.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.